Reed, J.,
delivered the opinion of the eourt.
Plaintiff brought suit against the defendant in the county court of Otero county in an action of slander. A trial was had, resulting in a judgment for plaintiff for $16.00 and costs of suit, amounting to $288.36, making the amount $298.36. It appears inferentially, but uot by reeord, that an appeal was prayed, and allowed to the district court. At any rate, an appeal bond was filed in the district eourt in the sum of $200. It also appears that counsel for plaintiff filed in the *358 district court a motion to dismiss the appeal on account of the inadequacy or insufficiency of the appeal bond in the amount. The copy of the motion contained in the transcript is in the alternative that the appeal be dismissed or a new bond required. It is claimed by counsel, but not shown by the record, that the latter clause was a subsequent interpolation, and that it was expunged by the order of court ; but, these matters not appearing in the record, and only resting in the statement of counsel, no action of this court can be had upon them. The motion was overruled, and the record of the court’s ruling would indicate that the motion was not in the alternative asking a new bond, but'simply to dismiss. The case is brought here on error to the district court, and the ruling of the court upon the motion in regard to the bond is the only error assigned; but unfortunately the record stops short with the disposition of the motion, and does not show what, if anything, further, was done in the ease in the district court. Whether there was a trial or a formal and final judgment is left to speculation. That there was, may.be inferred from the fact that a new trial was asked and denied; not otherwise. Counsel, in their briefs, say there was a trial, and a finding and'judgment for the defendant. To give this court jurisdiction, the record must show that there was a final judgment in the court below. The ruling of the court upon an interlocutory'motion cannot be reviewed except in connection with a record of a final judgment. The writ of error will be dismissed, without prejudice to the right of plaintiff to sue out a new writ if a proper record can be supplied.

Dismissed.